The Honorable Will Feland Prosecuting Attorney P. O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Feland:
This is in response to your request for an opinion regarding the filing of political practice pledges by candidates for city or county office in the Republican Primary. You note in your request that a county committeeman attempted to file the pledges on behalf of the candidates on January 5, 1988, but was informed by the County Clerk that the candidates would have to personally sign the pledges. The county committeeman and the candidates appeared at the Clerk's office on January 15, 1988, and the committeeman stated at that time that each of the pledges were in his possession when he attempted to file on January 5, 1988, and that the filing fees were paid prior to January 5.
You have asked, specifically, whether the County Clerk should accept the candidates' papers for filing.
The basis for the County Clerk's refusal to accept the filings on January 5, 1988 is not clear from the facts presented. I have enclosed a copy of Opinion Number 80-115, issued by this office on July 23, 1980, which I believe satisfactorily answers the question posed if the Clerk rejected the papers because they were not filed by the candidates themselves. It was concluded in Opinion Number 80-115 that ". . . it would be permissible for a candidate to have someone take the political practice pledge that he has signed and file it in the courthouse in his absence."
While the statutes cited in Opinion Number 80-115 have been amended in some respects, the amendments do not compel a modification of that Opinion. See Arkansas Code of 1987 Annotated7-7-203 and 7-6-102 (Supp. 1987). See also Section 15 of Act 123 of 1987 which establishes the January 5, 1988 deadline for filing political practice pledges for the 1988 primaries.
Provisions governing the substantive content of political practice pledges are found in A.C.A. 7-6-102 (Supp. 1987). 7-6-102(a)(1) requires a written pledge that the candidates are familiar with the applicable requirements and will in good faith comply with their terms. 7-6-102(b) requires an additional pledge certifying that the candidate has never been convicted of a felony.7-6-102(e) states:
 The refusal of any candidate to sign the pledge shall be justifiable grounds to keep the candidate's name from appearing on the ballot.
It is clear, following a review of 7-6-102, that the pledges must be signed by the candidates. Thus, the Clerk in this instance acted properly if the refusal to accept the filings was based upon the candidates' failure to personally sign the pledges. However, it is my opinion that the pledges should be accepted if they were signed by the candidates but were rejected on January 5th due to the fact that they were presented by the county committeeman.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Opinion No. 80-115 (Enclosed with 88-14)
July 23, 1980
The Honorable Jim Stallcup Prosecuting Attorney Third Judicial District 225 W. Elm Street Walnut Ridge, AR 72476
Dear Mr. Stallcup:
This office acknowledges receipt of the request for an opinion from your deputy Stewart K. Lambert on the following question.
Pursuant to Ark. Stat. Ann. 3-1103 and Ark. Stat. Ann. 3-113 (Repl. 1976) does the candidate for election have to appear in person at the county courthouse or at the Secretary of State's office to submit the signed political practice pledges or can the candidate send another individual to to [to] file it for him?
Ark. Stat. Ann. 3-113 states in part:
 Party pledges if any and political practice pledges for primary elections shall be filed and ballot fees shall be paid during regular established business hours between 12:00 noon and on the second Tuesday in March and 12:00 noon on the first day in April for the preferential primary election.
Ark. Stat. Ann. 3-1103 states:
 Candidates for state or district office shall file with the Secretary of State and Candidates for county and municipal or township offices shall file with the county clerk of the county not later than 12:00 noon on the first Tuesday in April before the preferential primary election. A pledge in writing stating that he is familiar with the requirements of this article and will in good faith comply with its terms provided persons nominated as independent candidates shall file such political practice pledge at the time of filing the petition for nomination and persons who wish to write in candidates shall file such political practice pledged [pledges] at the time of the filing to [of] notice to be a write in candidate.
Based on an analysis of the above two statutes it would appear that it would be permissible for a candidate to have someone take the political practice pledge that he has signed and file it in the courthouse in his absence.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Roger W. Giles.
cc: Stewart K. Lambert Deputy Prosecuting Attorney P. O. Box 500 Cherokee Village, AR 72525